480 P.2d 22

**Gerald T. MEYER, Appellant,**

v.

**David H. CAMPBELL, Superintendent, Motor Vehicle Division, Arizona Highway Department, Appellee.**

**No. 2 CA–CIV 947.**

Court of Appeals of Arizona, Division 2.

Feb. 2, 1971.

Mesch, Marquez & Rothschild, by Douglas H. Clark, Jr., Tucson, for appellant.

Gary K. Nelson, Atty. Gen., by John L. Jones, Asst. Atty. Gen., Phoenix, for appellee.

Before KRUCKER, C. J., HATHAWAY and HOWARD, JJ.

PER CURIAM.

The appellant instituted these proceedings in superior court pursuant to A.R.S. § 28–451 to seek review of the appellee's suspension of his driver's license. The case was tried to the court, sitting without a jury, and the trial court ordered (1) that the complaint be dismissed for the reason that judicial review was prematurely sought, and (2) that the matter be remanded to the Highway Department for conduct of a hearing as soon as practicable, under the provisions of A.R.S. § 28–691, subsec. E, as amended. From this judgment, an appeal was taken.

It is well settled that the right of appeal exists only by force of statute. Kemble v. Porter, 88 Ariz. 417, 357 P.2d 155 (1960). The appellate courts of this State have a duty, *sua sponte* to inquiry into their jurisdiction. In re Estate of McCabe, 11 Ariz.App. 555, 466 P.2d 774 (1970); Ginn v. Superior Court, 1 Ariz. App. 455, 404 P.2d 721 (1965).

A.R.S. § 28–451 provides:

*"Right of appeal to court.*

A person denied a license, or whose license has been cancelled, suspended or revoked by the department except where the cancellation or revocation is mandatory under the provisions of this chapter, shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the superior court in the county wherein the person resides and the court is vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the commission, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provision of this chapter."

Chapter 4 of Title 28, which deals with driver licensing, is known as the Uniform Motor Vehicle Operators and Chauffeurs License Act. A.R.S. § 28–401. The only section dealing with the right of judicial review is A.R.S. § 28–451, supra. No mention is made therein of any further right to appeal beyond the superior court. A quick perusal of other sections of the Arizona Revised Statutes relative to the licensing of certain businesses and professions reveals that in some instances judicial review is limited to superior court, whereas in others further appellate review is available. For example, in the following situations the administrative determination as to a license is limited to judicial review in superior court: A.R.S. § 32–2159, as amended (Real Estate Brokers and Salesmen); § 32–1756 (Optometrists); § 32–2391 (Driver Training Instructors or Schools); § 32–1366 (Funeral Directors); and § 23–529, subsec. E, as amended (Employment Agencies).

The following statutes specifically provide for further appellate review: A.R.S. § 32–1695, subsec. B (Dispensing Opticians); § 32–1857, subsec. B, as amended (Osteopathic Physicians); § 32–354 (Barbers); § 32–1054 (Collection Agencies); §§ 32–1159 and 32–1160 (Contractors); § 32–1453, as amended (Physicians); § 32–1554 (Naturopathic Physicians); § 32–1665 (Nurses).

Other code sections provide for review in accordance with Title 12, Ch. 7, Art. 6:[1] A.R.S. § 32–2195.21 (Cemetery Brokers and Salesmen); § 32–2082, subsec. C (Psychologists); § 32–743, as amended (Accountants); § 32–554, as amended (Cosmetologists); and § 36–891 (Child Care Agencies).

■ We are of the opinion, and so hold, that since no provision is made in the Motor Vehicle Licensing Act for an appeal to this court from the decision of the superior court, there is no right of appeal. Title 28, Ch. 4, insofar as it relates to driver licensing, is complete in itself and the general statutes relating to appeals from superior court have no application. Ginn v. Superior Court, supra.[2]

There being no right of appeal, dismissal of this appeal is mandated. It is so ordered.

---

1. Art. 6 provides for judicial review of administrative decisions. A.R.S. § 12–901 et seq. It governs every action to review judicially a final decision of an administrative agency except the State Department of Public Welfare or where the act creating or conferring power on an agency provides for judicial review of the agency's decisions and prescribes a definite procedure for the review. There is a specific provision for appellate review. A.R.S. § 12–913.

2. It is worthy of comment that three recent decisions in this State implicitly recognize this in that appellate relief was sought via special action proceedings. See, Campbell v. Superior Court, 12 Ariz.App. 398, 470 P.2d 718 (1970); Campbell v. Superior Court, 106 Ariz. 542, 479 P.2d 685 (filed January 15, 1971), or by extraordinary writ. Campbell v. Chatwin, 102 Ariz. 251, 428 P.2d 108 (1967).