514 P.2d 741

**In the Matter of the Appeal in MARI-COPA COUNTY, JUVENILE ACTION NO. J–74222.**

**No. I CA–JUV 3.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 4, 1973.

Review Denied Nov. 6, 1973.

---

Ross P. Lee, Public Defender, Maricopa County by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

Moise Berger, Maricopa County Atty., by C. O. Lamp, Deputy County Atty., Juvenile Division, Phoenix, for appellee.

## OPINION

JACOBSON, Chief Judge of Division One.

This appeal by a juvenile raises the question as to what constitutes a final order in a juvenile proceeding from which an appeal to this court will lie.

On November 13, 1972 this 13-year-old juvenile was adjudicated a delinquent by the Juvenile Court of Maricopa County. He immediately filed a notice of appeal from this adjudication order and the Juvenile Court entered an order staying any hearing on the disposition of the juvenile, pending proceedings in this Court. This Court on its own motion raised the issue as to its jurisdiction to entertain this appeal. Meyer v. Campbell, 13 Ariz.App. 601, 480 P.2d 22 (1971); In re McCabe's Estate, 11 Ariz.App. 555, 466 P.2d 774 (1970).

We have determined that this appeal is premature and therefore must be dismissed. However, rather than dispose of this appeal by our normal unpublished order, the Court is of the opinion that the issue is of such general interest that a written opinion setting forth our reasons for dismissal is in order.

Rule 24(a), Rules of the Juvenile Court,[1] provides that, "[a]ny aggrieved party may appeal from a *final order* of the Juvenile Court to the Court of Appeals." (Emphasis added.) The rules of the Juvenile Court envision various phases in processing an alleged juvenile delinquent through the juvenile court process. These include the advisory phase (Rule 6), a detention phase, if necessary (Rule 3), an adjudication phase (Rule 7) and a dispositional phase (Rule 8).

While Rule 7 provides that all these phases may be combined in a single hearing, it appears to be the general practice of the Maricopa County Juvenile Court to separate the adjudication hearing from the disposition hearing. It also appears to be the practice of the Maricopa County Juvenile Court to enter an order adjudicating the issue of delinquency after the adjudicatory hearing. If the adjudication is one of delinquency a second hearing on the disposition to be made is then held at a time in the future so as to allow time for the investigation required by Rule 9 to take place.

The issue is therefore presented in this case as to whether an order merely finding the juvenile to be delinquent prior to a dispositional hearing, is a *final order* subject to appeal under Rule 24(a). We hold it is not.

---

1. All citations to rules in this opinion, unless otherwise designated, shall refer to Rules of the Juvenile Court, 17A A.R.S. Rules.

First, the language of Rule 24 itself would indicate that the "final order" spoken of is one that disposes of all issues, including disposition before the Juvenile Court. Thus Rule 24(b) states that "[t]he order of the juvenile court shall not be suspended or *the execution thereof stayed* pending the appeal . . . ." The only order of a juvenile court which would require a suspension or staying would be a sentence of a juvenile court finally disposing of the case.

Second, Rule 25 provides that an appeal must be taken within 15 days after the "final order is entered." Therefore, if an appeal is timely taken after the entry of a dispositional order and this is more than 15 days after the adjudicatory order, and if the adjudicatory order is final, such an appeal could not question the adjudicatory finding, thus laying a trap for the unwary practitioner. Such a contention was made and rejected by Department A of this Court in the case of In the Matter of Appeal in Maricopa County, Juvenile Action No. J–74197, 20 Ariz.App. 567, 514 P.2d 738, (1 CA–JUV 4, filed this date), holding, as we do here, that the final order which starts the running of the time for appeal is the order of disposition.

Third, in our opinion, the philosophy underlying the entire juvenile delinquency process is one of speedy disposition and treatment for the juvenile involved. If we should hold that the adjudicatory order is final immediately and subject to appeal, the salutary purpose of speed of disposition and treatment would be thwarted. If no disposition of the juvenile could be made pending the appeal and if the adjudication be affirmed on appeal, the delay involved in making that determination might render moot any benefits the juvenile might have reaped from treatment following closely the delinquency event.

Fourth, multiplicity of appeals are avoided by holding that the dispositional order is the only final order subject to appeal. On appeal from the dispositional order, both the interlocutory order of adjudication and the order of disposition may be reviewed, avoiding the necessity of separate appeals to review each order.

Finally, by holding that an appeal will lie only after the dispositional order of the Juvenile Court, an appeal may be avoided entirely. While an adjudication of delinquency may at first appear to be horrendous and thus generate an appeal, the disposition made by the juvenile court on that adjudication may be such that upon mature reflection an appeal would not be justified.

For the foregoing reasons we hold that the final order of the juvenile court from which an appeal to this court will lie contesting either the adjudication or disposition, or both, in a juvenile case is the order of disposition.

This appeal is dismissed as being premature and the matter remanded to the Juvenile Court for further proceedings.

EUBANK, P. J., and HAIRE, J., concur.