514 P.2d 738

**In the Matter of the Appeal in MARICOPA COUNTY, JUVENILE ACTION NO. J–74197.**

**No. I CA–JUV 4.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 4, 1973.

Review Denied Nov. 4, 1973.

Moise E. Berger, Maricopa County Atty. by C. O. Lamp, Deputy Co. Atty., for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, for appellant.

## OPINION

STEVENS, Judge.

Rule 27, Rules of Procedure for the Juvenile Court [Juvenile Rules], 17A A.R.S., and Arizona Supreme Court Rule 48, 17A A.R.S., authorize the disposition of Juvenile appeals without the publication of a formal written opinion. An opinion is being written in this matter for the reason that we believe it is important to clarify the period of time within which a notice of appeal must be filed. Other matters are also considered.

## CHRONOLOGY

On 20 September 1972 a two-count petition was filed against a juvenile, alleging a felony in Count One and a misdemeanor in Count Two. The next day a hearing was held before a Juvenile Court Referee who appointed the Public Defender to represent the juvenile and set 1 November 1972 as the date for the adjudication hearing. On 18 October 1972 another petition was filed, alleging a new felony. On 20 October 1972 a third petition was filed, alleging two new felonies. On the last stated date the juvenile and his appointed counsel appeared before a Referee and the October petitions were also set for adjudication hearing for 1 November, being consolidated with the hearing on the September petition. The 1 November adjudication hearing was conducted by The Honorable Gerald J. Strick, one of the regularly assigned Juvenile Court judges. The minutes of the hearing recite, in part, "No Court Reporter being requested, the reporter is excused." After admissions by the juvenile as to the felony count in the 20 September petition and as to one of the felony counts in the 20 October petition, all other counts were dismissed.

Although Juvenile Rule 6(c) speaks of "an adjudication hearing", it is clear that a formal "judgment of guilt" is not contemplated. This is clear from the language of Juvenile Rule 7 which classifies the Juvenile Court's determination as a "finding" of delinquency. On 1 November a finding of delinquency was entered based upon the two remaining counts and the disposition hearing was set for 22 November 1972. At the disposition hearing the juvenile was placed in the custody of the State Department of Corrections. At all times the juvenile and a parent were present. Following the appointment of counsel, the appointed counsel was present at all proceedings.

A series of documents was filed in the Juvenile Court on 7 December on behalf of the juvenile. These were:

A notice of appeal stating the grounds for the appeal. The notice was supported by a 12-page memorandum of points and authorities;

A "motion for juvenile record" with a request for an oral argument;

A "motion for leave to file supplemental memorandum" with a request for an oral argument;

A request for an oral argument which was also captioned in the Juvenile Court but was apparently directed to the Court of Appeals, this request having been filed pursuant to Juvenile Rule 25(b). There was no Juvenile Court ruling on either motion.

There followed in the Juvenile Court file a response by the County Attorney pursuant to Juvenile Rule 26. This response, among other matters, raised the question of the timeliness of the appeal.

The appellant filed a reply to the response.

Thereafter the record was filed in the Court of Appeals and counsel for both sides were notified by the Clerk of the Court of Appeals that pursuant to Juvenile Rule 27(a) the case was "at issue". Notice was thereafter given on 26 March

1973 that the cause was set for oral argument in this Court for 25 April.

■ Juvenile Rule 27(b) authorizes the Court of Appeals to order an enlargement of the record. At no time did the appellant call the attention of the Court of Appeals to the motions which were filed on 7 December and this Court deems the same to have been abandoned.

## TIMELINESS OF THE APPEAL

■ A.R.S. § 8–236, subsec. A authorizes "[an] appeal from a *final order* of the juvenile court." (Emphasis added). Juvenile Rule 25(a) specifies that "an appeal must be taken within 15 days after the *final order* is entered." (Emphasis added). Was the 1 November finding of delinquency a "final order"? We hold that it was not. It was clearly contemplated that there would be a further order at the disposition hearing. Under the facts of this case, the 22 November order was the "final order" and the notice of appeal was filed within the prescribed 15 days thereafter. [NOTE: Another phase of the significance of the statutory right of appeal from the "final order" of the Juvenile Court is considered in an opinion filed this date In the Matter of the Appeal in Maricopa County, Juvenile Action No. J–74222, being 1 CA—JUV 3, 20 Ariz.App. 570, 514 P.2d 741.]

## DUE PROCESS

It is urged in this appeal, as it has been urged in other juvenile appeals, that Juvenile Rule 25(b) which requires that "a written notice of appeal which specifies the party taking the appeal and designates the particular matter appealed from, together with a concise statement of the grounds for the appeal supported by a memorandum of authorities", coupled with Juvenile Rule 25(a) which requires that the appeal must be taken within 15 days after the final order, is a denial of due process. This issue was determined ad-versely to the contentions of the juvenile by the case of In the Matter of the Appeal in Maricopa County, 18 Ariz.App. 560, 504 P.2d 501 (1972), which opinion the Arizona Supreme Court declined to review.

## ADEQUACY OF THE RECORD

The appeal urged that the record was not adequate in relation to compliance with Juvenile Rule 6, the notification of the juvenile as to his rights as a juvenile. Having some concern in this regard, this Court suspended the appeal and revested jurisdiction in the Juvenile Court with leave to enlarge the record should the facts warrant an enlargement of the record. The record was enlarged and in our opinion it is now adequate to meet this issue in connection with the appeal.

## EXCESSIVE PENALTY

In view of the seriousness of the offenses, the repetition of serious offenses shortly after the first hearing before the Juvenile Court Referee, we find an absence of an abuse of discretion in the disposition order.

## SOCIAL SECURITY PAYMENTS

■ The juvenile urges that the Juvenile Court has no authority to direct that Social Security benefits be made available to defer the cost of the detention of the juvenile. The disposition order expressly refrained from assessing the parents for the cost of the placement of the juvenile. The order further authorized, but did not direct, that social security benefits due to the juvenile "may" be paid to the State Department of Corrections for the juvenile's care with $10.00 a month set aside for the juvenile's incidental expenses. Neither the facts nor the law presented to us enable us to rule on this contention.

This matter is affirmed.

DONOFRIO, P. J., Department A, and OGG, J., concur.