545 P.2d 432
Peter M. FUMUSA and Campus Drugs, Inc., an Arizona Corporation, Appellants and Cross-Appellees,

v.

The ARIZONA STATE BOARD OF PHARMACY through its members and Alfred J. Duncan, Executive Secretary thereof, Appellees and Cross-Appellants.

No. 1 CA–CIV 2701.

Court of Appeals of Arizona, Division 1, Department A.

Feb. 3, 1976.

Rehearing Denied March 9, 1976.

Review Denied March 30, 1976.

R. Kelly Hocker, Tempe, for appellants and cross-appellees.

Bruce E. Babbitt, Atty. Gen., by Andrew W. Bettwy, Asst. Atty. Gen., Phoenix, for appellees and cross-appellants.

## OPINION

DONOFRIO, Presiding Judge.

Appellants and cross-appellees appeal from the judgment of the trial court which affirmed six of thirteen findings of fact and conclusions of law of the State Pharmacy Board. As a result of the Pharmacy Board's action, Mr. Fumusa's certificate of registration and Campus Drugs Pharmacy's permit was suspended for a period of time and also placed on probation for a period of time. Mr. Fumusa, as the responsible pharmacist for Campus Drugs, was found to have violated certain Pharmacy Board regulations, certain state statutes related to the practice of pharmacy, and federal regulations.

Aside from challenging the findings of fact and conclusions of law of the court as not being supported by the evidence introduced at the Pharmacy Board hearing, appellants and cross-appellees raise several other issues in this appeal.

In addition to other issues the appellees and cross-appellants [Pharmacy Board] specifically argue that all thirteen of the findings of fact and conclusions of law of the Board are supported by the record, not merely the six approved by the trial court.[1]

We have reviewed the record in detail and find substantial evidence to support the six findings of fact and conclusions of law of the Board as approved by the trial court. As to the other seven of the Board's findings of fact and conclusions of law we will not disturb the decision of the trial court if the record and the evidence supports the trial court's findings. *Arizona State Board of Medical Examiners v. Clark,* 97 Ariz. 205, 398 P.2d 908 (1965). We find no abuse of discretion in the instant case and affirm the penalties imposed by the Pharmacy Board on both Peter Fumusa and Campus Drugs Pharmacy.

■ Turning now to the other issues raised by Mr. Fumusa and Campus Drugs, we first consider the assertion that Mr. Fumusa was entrapped by the investigators of the Pharmacy Board. We agree with counsel that the defense of entrapment is available in an administrative proceeding where the loss of one's professional or business license is at stake. See *Patty v. Board of Medical Examiners,* 9 Cal.3d 356, 107 Cal.Rptr. 473, 508 P.2d 1121 (1973). We find, however, that the evidence supports the conclusion that Mr. Fumusa was not entrapped. Our review of the record shows evidence that the Board's investigators merely provided Mr. Fumusa with the opportunity to unlawfully dispense drugs when they presented the false prescription orders to him for filling. In other words,

the trier of fact could well conclude, as it did, that the evidence was not an inducement to commit a crime which the accused would not have otherwise committed but was merely the furnishing of an opportunity to him to commit such an offense. See *State v. Boccelli,* 105 Ariz. 495, 467 P.2d 740 (1970).

■ Appellants next assert that the failure of the Pharmacy Board to present proposed findings of fact and conclusions of law before the final findings and conclusions were made was prejudicial and a violation of due process. We disagree. The Pharmacy Board's Rule 1.5800 and A.R.S. § 41–1009(E) on which the assertion is based are merely listings of those items to be included in the "record" of the Board's proceedings. Proposed findings of fact and conclusions of law are not necessarily required to be made by the Board, although we would agree that such a procedure would be beneficial to the parties. We hold that appellants were not denied procedural due process by the failure of the Board to present proposed findings of fact and conclusions of law.

■ The Pharmacy Board's findings of fact and conclusions of law were not signed by the Board members who were present at the hearing, but were signed by the Board's Executive Secretary. This is challenged by appellants as having no legal effect. The document obviously reflects the decision of the Board members who were present at the hearing, and was signed by the Executive Secretary in accordance with A.R.S. § 32–1903(D) which requires the Executive Secretary to make and keep the Pharmacy Board records. We hold that a presumption therefore arises that the findings of fact and conclusions of law signed by the Executive Secretary of the Board reflect action taken by the Pharmacy Board and is to be given the same legal significance as if signed individually by the Board members.

---

1. Findings of Fact Nos. 2, 4, 5, 6, 8 and 12 of the Pharmacy Board were found by the trial court to be supported by the record, and Findings of Fact Nos. 1, 3, 7, 9, 10, 11 and 13 were found not to be supported by the Pharmacy Board's record.

We find no merit to appellants' argument that prejudicial hearsay was admitted at the Pharmacy Board hearing. The challenged evidence concerned an allegation against Mr. Fumusa for which he was found not to be in violation. It is also noted that counsel for Mr. Fumusa was given an opportunity to move for a continuance in order to obtain evidence to refute the hearsay testimony which action he apparently found unnecessary.

As to the assertion by appellant Fumusa that he lacked scienter when he dispensed certain drugs without authority, we must agree with the Pharmacy Board that a violation of A.R.S. § 32–1968 does not necessarily require proof of scienter.

Appellant Campus Drugs asserts that it did not receive legal notice of the hearing to be conducted in which its pharmacy permit was to be suspended and placed on probation. The notice of hearing was personally served on Peter M. Fumusa [appellant] who was the statutory agent for the corporation Campus Drugs, Inc. and the responsible pharmacist for the operation of the corporation. The notice clearly reflected the fact that Campus Drugs was a party to the action and that the pharmacy permit issued to Campus Drugs was the subject of the hearing. Under these facts we hold that Campus Drugs was served with legal notice of the proposed hearing.

Of final interest to this Court is the assertion by the Pharmacy Board that this Court is without jurisdiction to hear this appeal. In reliance on the case of *Meyer v. Campbell*, 13 Ariz.App. 601, 480 P.2d 22 (1971), the Pharmacy Board urges that since no provision is made in the section of the Pharmacy Act, A.R.S. § 32–1928(C), for appeal to the Court of Appeals or Supreme Court, but that there is provision for appeal to the Superior Court from decisions of the Pharmacy Board, then the Legislature intended to limit the right of appeal from the Board decisions to the Superior Court level. We do not agree. It is true that the statutes relating to pharmacy do not specify separate appellate procedures beyond the Superior Court, however, the Administrative Review Act, A.R.S. § 12–913, provides that:

"The final decision, order, judgment or decree of the superior court entered in an action to review a decision of an administrative agency may be appealed to the supreme court."[2]

A.R.S. § 12–902(A) limits the scope of the Administrative Review Act to:

"* * * every action to review judicially a final decision of an administrative agency except public welfare decisions pursuant to title 46, or where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review."

We are somewhat troubled in this instance by the above-quoted language which seemingly excludes from the scope of the Administrative Review Act those situations where a definite procedure for review of an administrative board's decision is prescribed. Nevertheless, we hold that the language of A.R.S. § 32–1928(C), supra, is not so definite a procedure for review as to meet the exclusion of A.R.S. § 12–902(A). Our interpretation of that statute [§ 32–1928(C)] is that it provides for the method of appeal from the Pharmacy Board's decision to the Superior Court, and determines that there will be no trial de novo or additional evidence received in the Superior Court. The absence of language concerning further appeal from a Superior Court decision in such a situation is significant. To this Court it means that the avenue is then open for further appeal as in all other cases from decisions of the Superior Court in accordance with A.R.S. § 12–913 and/or A.R.S. § 12–2101.

The judgment of the trial court is affirmed.

OGG and FROEB, JJ., concurring.

2. The words "supreme court" in A.R.S. § 12–913 is interpreted to mean "court of appeals."