596 P.2d 1173

Ruth Agnes SARWARK,
Petitioner-Appellant,

v.

Philip THORNEYCROFT, Superintendent of the Arizona Highway Department, and Michael Groom, Director of the Drivers License Service, Real Party in Interest, Respondents-Appellees.

No. 1 CA–CIV 4583.

Court of Appeals of Arizona,
Division 1,
Department B.

April 3, 1979.

Rehearing Denied May 23, 1979.

Review Granted June 12, 1979.

John W. Rood and Minne & Sorenson by Roger J. Blake, Phoenix, for petitioner-appellant.

John A. LaSota, former Atty. Gen., by Jean L. Weaver, Asst. Atty. Gen., Phoenix, for respondents-appellees.

OPINION

JACOBSON, Judge.

This dispute arises out of a motion to dismiss appellant's appeal on the grounds that this court lacks appellate jurisdiction over the subject matter of the appeal. While normally motions to dismiss are handled by unpublished orders of this court, because of the conflict existing between decisions of the two divisions of the Arizona Court of Appeals in this area, this department desires to dispose of this matter by published opinion.

The facts necessary to dispose of the jurisdictional issue presented are not in dispute. This matter originally arose out of an order of the Arizona Department of Transportation suspending the driver's license of appellant, Ruth Agnes Sarwark, under the Implied Consent Law, A.R.S. § 28–691. Appellant first contested the order of suspension at an administrative hearing before the Department. The hearing officer ordered the appellant's license to be suspended for the statutory period. Pursuant to A.R.S. § 28–691(F), which grants a right of superior court review to persons whose licenses have been suspended under the Implied Consent Law in the same manner as review is provided by A.R.S. § 28–451, appellant sought and obtained a superior court review of that suspension order.

On August 15, 1978, the superior court affirmed the suspension of appellant's license and she appealed to this court citing A.R.S. § 12–913 (Administrative Review Act) as granting this court jurisdiction of the appeal.

The appellees, the Superintendent of the Arizona Highway Department and the Director of the Drivers License Service, sought dismissal of the appeal on the basis of *Meyer v. Campbell*, 13 Ariz.App. 601, 480 P.2d 22 (1971), a decision of Division 2 of the Arizona Court of Appeals, which held that a judgment of the superior court affirming a suspension of a driver's license by the administrative agency is not appealable to the court of appeals. The *Meyer* court noted that the Administrative Review Act allows appellate review of administrative agency decisions and impliedly held that act not applicable.

The appellant contends that the Division 1, Arizona Court of Appeals decision in *Fumusa v. State Board of Pharmacy*, 25 Ariz. App. 584, 545 P.2d 432 (1976) conflicts with the *Meyer* decision and should be followed. In essence, *Fumusa* held that even though a specific statute allowed judicial review of an administrative agency decision, if that statute was silent as to further appellate court review, the Administrative Review Act attaches so as to grant the court of appeals jurisdiction to review the superior court determination. Both parties agree *Meyer* and *Fumusa* are in conflict, as do the authors of the Arizona Appellate Handbook (p. 3–3, Rev.1979).

The Arizona Supreme Court has considered on the merits, without a discussion of the jurisdictional issue presented, a review of a driver's license suspension under the Arizona Implied Consent Law. *Barrett v. Thorneycroft*, 119 Ariz. 389, 581 P.2d 234 (1978). However, following the *Barrett* decision, the Arizona Supreme Court held that when the issue of jurisdiction is not raised or discussed in a case, the decision is not authority for the existence of jurisdiction, even though the case is decided on the merits. *Bedard v. Gonzales*, 120 Ariz. 19, 583 P.2d 906 (1978). We therefore do not consider that *Barrett* forecloses our consideration of jurisdiction in this matter.

The pertinent statutory provision dealing with court review of the administrative decision to suspend a driver's license is A.R.S. § 28–451, which provides in part:

"A person . . . whose license has been . . . suspended . . . shall have the right to file a petition within thirty days thereafter for a hearing in the matter in the superior court in the county wherein the person resides and the court is vested with jurisdiction and it shall be its duty to set the matter for hearing upon thirty days written notice to the director, and thereupon to take testimony and examine into the facts of the case and to determine whether the petitioner is entitled to a license or is subject to suspension . . . under the provisions of this chapter."

There are two pertinent portions of the Administrative Review Act. The first is A.R.S. § 12–902(A), which provides in part:

"This article applies to and governs every action to review judicially a final decision of an administrative agency . . . except . . . where the act creating or conferring power on an agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for the review."

The second is A.R.S. § 12–913, which provides:

"The final decision, order, judgment or decree of the superior court entered in an action to review a decision of an administrative agency may be appealed to the supreme court."

■ Both parties agree, at least tacitly, that the right of appeal only exists by force of a statute. *Kemble v. Porter*, 88 Ariz. 417, 357 P.2d 155 (1960). The question then becomes, where the statutes creating an administrative agency specifically provide and prescribe a method of judicial review to the superior court, but are silent as to further appellate review does A.R.S. § 12–913 of the Administrative Review Act become applicable to allow appellate review. *Fumusa* says yes, *Meyer* says no.

Before discussing the law in this area, we note that the approach taken by *Fumusa* has the virtue of uniformity to commend it. In reviewing the various statutes creating administrative agencies, we note that in

many, judicial review is limited to the superior court: Optometrists, A.R.S. § 32–1756; Driver Training Instructors or Schools, A.R.S. § 32–2391; Pharmacists, A.R.S. § 32–1928(C); Funeral Directors, A.R.S. § 32–1366; Employment Agencies, A.R.S. § 23–529(E). Under *Meyer*, the superior court becomes the court of last resort in reviewing decisions of these agencies.

On the other hand, creating legislation has specifically allowed further appellate review of several administrative agencies: Dispensing Opticians, A.R.S. § 32–1695(B); Osteopathic Physicians, A.R.S. § 32–1857(B); Barbers, A.R.S. § 32–354; Collection Agencies, A.R.S. § 32–1054; Physicians, A.R.S. § 32–1453; Naturopathic Physicians, A.R.S. § 32–1554; and Nurses, A.R.S. § 32–1665.

Moreover, numerous administrative agency decisions are subject to the Administrative Review Act which allows appellate review. For example, Psychologists, A.R.S. § 32–2082(C); Cosmetologists, A.R.S. § 32–554; Contractors, A.R.S. § 32–1159; and Accountants, A.R.S. § 32–743.

From the standpoint of logic, we see no reason why a barber can review the suspension of his license all the way to the supreme court, but a pharmacist cannot. Policy considerations aside, we note that neither *Meyer* nor *Fumusa* analyzes the case law in this area.

Prior to the adoption of the Administrative Review Act, it was clear that decisions of an administrative agency were not subject to appellate review (in absence of specific statutory authorization for such review) under A.R.S. § 12–2101 which allows appeals from final judgments "in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court." *Him Poy Lim v. Duncan*, 65 Ariz. 370, 181 P.2d 357 (1947).

Following the adoption of the Administrative Review Act, the supreme court had occasion to consider its application where the decision of the administrative agency was by specific statute subject to superior court review, but that statute was silent as to further appellate review in *State ex rel.* *Morrison v. Thomas*, 80 Ariz. 327, 297 P.2d 624 (1956). At the time of this decision, § 72–109, A.C.A.1939, provided that decisions of the Superintendent of Liquor Licenses and Control were final "unless the person aggrieved, within ten (10) days after the date of the decision, files an appeal with the superior court of the county in which the licensed premises are located. In such an appeal, the court shall hear and determine the matter de novo . . . ." This statute was silent as to further appellate review. The question presented in *Thomas* was whether certiorari would properly lie to review a decision of the superior court which in turn was reviewing a decision of the Superintendent of Liquor Licenses and Control, or whether an adequate remedy by appeal was furnished by the Administrative Review Act.

The court held:

"Prior to the year 1954 when the Administrative Review Act, § 4–901, et seq., 1954 Supp.A.C.A.1939 [A.R.S. § 12–901 et seq.], was passed it was well settled that there was no right of appeal to this court from a judgment in the Superior Court reviewing a decision of the Superintendent of the Department of Liquor Licenses and Control 'in any matter relating to the issuance, renewal, suspension, or revocation of a license'. [Citations omitted.] It remains to be seen whether the Administrative Review Act, supra, altered this situation. Section 4–903(a), which answers this question, reads as follows:

. " 'This Act shall apply to and govern every action to review judicially a final decision of an administrative agency except where the act creating or conferring power on such agency or a separate act provides for judicial review of the agency decisions and prescribes a definite procedure for such review.'

"Inasmuch as Section 72–109, 1952 Cum.Supp.A.C.A.1939, provides for review of decisions of the Department of Liquor Licenses and Control by the Superior Courts and prescribes a definite procedure for such review, the Administrative Review Act by its own terms does not apply. Consequently, there is still no right of appeal to this court from the

4

Superior Courts in cases like the one at bar."

In addition, the supreme court has consistently followed the rule that the Administrative Review Act is not complementary to other statutory review proceedings and if any independent statutory review is provided, the Administrative Review Act is not applicable. *See County of Pima v. State Department of Revenue, Division of Property and Special Taxes,* 114 Ariz. 275, 560 P.2d 793 (1977); *Knape v. Brown,* 86 Ariz. 158, 342 P.2d 195 (1959).

█ Based upon the Arizona Supreme Court's rulings in this area, we hold that since there exists a specific statute authorizing the judicial review of decisions of the Department of Transportation suspending a driver's license under the Implied Consent Law, the Administrative Review Act is not applicable. Since that specific judicial review statute limits review to the superior court, this court has no statutory authority to review that court's decision.

Appeal dismissed.

OGG, Chief Judge, Division 1, and SCHROEDER, J., concur.