622 P.2d 71

**In the Matter of the Appeal in MARICO-PA COUNTY JUVENILE ACTION NO. J–89724.**

**No. 1 CA–JUV 142.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 30, 1980.

Charles F. Hyder, Maricopa County Atty. by William DeMars, Deputy County Atty., Phoenix, for State.

Kemper & Henze by James Hamilton Kemper, Phoenix, for juvenile.

## OPINION

JACOBSON, Judge.

This appeal from the juvenile court's determination of delinquency calls into question the apparent practice of juvenile judges routinely "approving" the actions of juvenile referees. In particular, the issue arises as to whether such a routine "approval" can constitute collateral estoppel.

On August 23, 1979, a petition of delinquency (hereinafter Petition I) was filed against the juvenile, charging him with the commission of aggravated robbery on August 22, 1979. On August 27, 1979, another petition of delinquency was filed (hereinafter Petition II) in two counts, charging (1) conspiracy to commit robbery and (2) robbery, allegedly committed by the juvenile on August 19, 1979. The juvenile denied the allegations of both petitions, and an adjudication hearing was held before a juvenile referee on the two petitions simultaneously.

On October 19, 1979, the juvenile referee granted the juvenile's motion to suppress certain statements made to law enforcement officers[1] and dismissed Petition I with prejudice. *See In the Matter of the Appeal in Maricopa County Juvenile Action*, 118 Ariz. 284, 576 P.2d 143 (App.1978). On the same date, the State pursuant to A.R.S. § 8–231.01 appealed to the juvenile judge the referee's ruling regarding the suppression of the statements.[2] On November 6, 1979, the Honorable Edward C. Rapp, as a juvenile judge of Maricopa County Superior Court, and apparently without knowledge of the State's appeal, "approved" the actions of the juvenile referee. Thereafter, on November 20, 1979, Judge C. Kimball Rose considered and de-

---

1. The statements in question, given on August 23, related to the offenses charged in both petitions.

2. The propriety of dismissing Petition I with prejudice was not raised by the State.

nied the State's appeal on the grounds that the hearing before the referee was not completed and remanded the matter to the juvenile referee to continue the adjudication hearing.

On December 11, 1979, after conclusion of the adjudication hearing on Petition II, the juvenile referee dismissed Count I and adjudicated the juvenile delinquent on Count II. On December 24, 1979, the juvenile filed a notice of appeal from the referee's adjudication of delinquency on Count II of Petition II to the juvenile judge. On December 28, 1979, the juvenile referee's recommendation of December 11, 1979, was "approved" by Judge Rapp, again apparently without knowledge of the juvenile's appeal. Thereafter, on February 21, February 27, and March 7, 1980, Judge Rose held the hearing on the juvenile's appeal. At the conclusion of the hearing, Judge Rose reversed the ruling of the juvenile referee and found that the statements made to the law enforcement officers should not have been suppressed, despite an argument by the juvenile's counsel that Judge Rapp's "approval" of November 6, 1979, constituted collateral estoppel that should bar relitigation of that issue on appeal. Count II of Petition II was found proven beyond a reasonable doubt and the juvenile was found and adjudged delinquent. The juvenile was subsequently committed to the custody of the Department of Corrections. The filing of a timely notice of appeal from that disposition has brought the matter before this Court.

The single argument advanced by the juvenile in this appeal is the same one rejected by the superior court at the hearing on the appeal from the referee's recommendation, that is, that collateral estoppel by operation of Judge Rapp's "approval" of November 6, 1979, prevents relitigation at the subsequent superior court de novo hearing of the juvenile referee's decision of October 19, 1979, regarding the voluntariness of the juvenile's statements to the law enforcement officers.

A precise definition of the rule of collateral estoppel is difficult, but 9 A.L. R.3d 203 at 214 says the following:

A common statement of the rule of collateral estoppel is that where a question of fact essential to the judgment is actually litigated and determined by a *valid and final judgment*, the determination is conclusive between the parties in a subsequent action *on a different cause of action*. (Emphasis supplied.)

In a proper criminal case, application of the rule of collateral estoppel may be required by virtue of either the Fifth Amendment's guarantee against double jeopardy or the common law. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 435 (1970). Initially we note that under Arizona procedure, an appeal hearing before a superior court judge is not a "different cause of action" from the underlying adjudication hearing before the juvenile referee. We have, rather, a system in which an accused juvenile is subjected to a single proceeding which begins with a referee's hearing and culminates with an adjudication by a judge. *See Swisher v. Brady*, 438 U.S. 204, 98 S.Ct. 2699, 57 L.Ed.2d 705 (1978). There can be no danger of double jeopardy without former jeopardy, and in Arizona jeopardy does not attach until the superior court enters its order approving and adopting the recommendation of the juvenile referee. *In the Matter of the Appeal in Maricopa County Juvenile Action,* 26 Ariz.App. 519, 549 P.2d 614 (1976); A.R.S. § 8–231.E; A.R.S. § 8–231.02.B; 17A A.R.S. Juv.Ct.Rules of Proc., Rule 8.

We also observe that the superior court order of November 6, 1979, which purports to approve the referee's suppression of the juvenile's statements, is not a "valid and final judgment" as only final dispositional orders in juvenile matters constitute "final judgments," *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–74222,* 20 Ariz.App. 570, 514 P.2d 741 (1973). Therefore, the "approvals" of November 6 and December 28 cannot give collateral estoppel effect to the referee's recommendations. Moreover, as to the order of November 6, 1979, at the time of its entry an appeal (rehearing) was pending

by the State. As was said in *In the Matter of Application of J–86993 for Writ of Habeas Corpus*, 124 Ariz. 108, 109, 602 P.2d 489, 490 (1979):

> Any party to a juvenile hearing before a referee may appeal to the juvenile court judge from the recommendations of the referee. A.R.S. § 8–231.01. *Only after hearing* by the juvenile judge shall a final order of the juvenile court be entered. A.R.S. § 8–231.02. (Emphasis added.)

Alternatively, the hearing before the juvenile referee was incomplete, having been stayed pending the aforementioned appeal by the State, and therefore the superior court's order of November 6, 1979, approving the recommendation was a mistake and therefore without effect.

For the same reason, the order of the superior court entered on December 28, 1979, purporting to approve and adopt the juvenile referee's recommendation of December 11, 1979, is likewise of no effect.

■ From the foregoing we conclude that the superior court action of March 7, 1980, finding and adjudging the juvenile delinquent, and the disposition of May 8, 1980, committing the juvenile to the Department of Corrections, which followed the *de novo* hearing on the juvenile's appeal, constitute the first "valid and final judgment" entered in the action herein. The juvenile was not placed in double jeopardy, nor was there in existence any "final and valid" judgments at the time of Judge Rose's ruling allowing the statements in evidence. We therefore hold that the juvenile court properly ruled that collateral estoppel did not preclude the reconsideration of the referee's recommendation to suppress the juvenile's statements.

■ We have reviewed the transcript of the hearing on the juvenile's appeal to the superior court. The ruling of the juvenile court on the suppression hearing regarding voluntariness of the juvenile's statements will not be disturbed on appeal absent clear and manifest error. *In the Matter of the Appeal in Maricopa County Juvenile Action No. J–84357*, 118 Ariz. 284, 576 P.2d 143 (App.1978). Our review of the record indicates no error in the juvenile court's overruling of the motion to suppress or its adjudication of delinquency. As to the disposition of the juvenile after the adjudication of delinquency, this matter is within the discretion of the juvenile court and will not be disturbed absent a clear abuse of discretion. *In the Matter of the Appeal in Maricopa County Juvenile Action*, 122 Ariz. 300, 594 P.2d 554 (App.1979). We find no such abuse of discretion on the record herein.

Having found no error, the adjudication of delinquency and the disposition of the juvenile are affirmed.

HAIRE, P. J., and EUBANK, J., concur.