805 P.2d 1067

**In the MATTER OF the ESTATE OF R.C., Deceased.**

**R.M., Natural Parent of Juvenile K.R.C., Appellant,**

v.

**L.C., the Personal Representative of the Estate of R.C., Appellee.**

**No. 2 CA–CV 90–0124.**

Court of Appeals of Arizona, Division 2, Department A.

Oct. 30, 1990.

Review Denied March 5, 1991.*

---

\* Moeller, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Allen, Kimerer & LaVelle by Gary G. May and Sarah McGiffert, Phoenix, for appellant.

Snell & Wilmer by Joyce Kruczek–Tuohy and Donald H. Smith, Phoenix, for appellee.

## OPINION

HATHAWAY, Judge.

We are called upon in this appeal to decide whether a juvenile who murdered his father may inherit from the victim's estate. In this case of first impression in Arizona, we hold that he cannot.

The mother of the juvenile, as guardian ad litem, appeals from a summary judgment entered in favor of the personal representative precluding the juvenile from receiving benefits or property. A.R.S. § 14–2803 provides that an heir who murders the decedent is not entitled to inherit.

The juvenile contends summary judgment was not proper in view of A.R.S. § 8–207(C), which provides:

[T]he disposition of a child in the juvenile court may not be used against the child in any case or proceeding in any court other than a juvenile court....

The juvenile further contends that he is entitled to a trial on his eligibility to receive benefits or property by reason of his father's death because: (1) he has not been convicted of a violation of the criminal code; (2) there has been no showing of the intent required for a conviction under A.R.S. §§ 13–1103(A)(2) or (3), 13–1104, or 13–1105; and, (3) his juvenile adjudication may not be used against him other than in the juvenile court.

### STANDARD OF REVIEW

■ In reviewing this appeal from summary judgment, we will consider the evidence in the light most favorable to appellant, giving her the benefit of all reasonable inferences which can be drawn from the record. *Gulf Industries, Inc. v. Hahn,* 156 Ariz. 153, 750 P.2d 911 (App.1988). If there is any material issue of fact upon which reasonable people might reach different conclusions, then the summary judgment must be reversed. *Gulf Ins. Co. v. Grisham,* 126 Ariz. 123, 613 P.2d 283 (1980).

### FACTS

The following facts are undisputed. On or about August 24, 1988, decedent died as a result of a gunshot wound to the head. On August 27, the 15–year–old son of decedent was taken into custody and a petition was filed in the juvenile court alleging that the juvenile was a delinquent who intentionally and knowingly took part in premeditated conduct that caused the death of his

father. A minute entry in the juvenile court record states:

> THE COURT FINDS that the juvenile knowingly, intelligently and voluntarily has entered an admission to the delinquent act of murder, first degree, violation of A.R.S. 13–1105 [sic]; that there is a factual basis for the admission; the admission is made with knowledge of the possible consequences of it. The admission is accepted and entered of record.

The juvenile was adjudicated a delinquent and committed to the state department of corrections. The personal representative filed a petition to preclude the juvenile from inheriting his father's estate and the mother objected on behalf of the juvenile. Summary judgment was entered which precluded the juvenile from inheriting, and a timely appeal was filed.

## DISCUSSION

Appellant argues that she is entitled to a trial or evidentiary hearing because A.R.S. § 8–207 prohibits the adjudication from being used in any court, and the probate court utilized the conclusion from the juvenile court as a basis for the summary judgment decision.

█ A.R.S. § 14–2803(E) authorizes the probate court to determine by a preponderance of the evidence whether an heir or beneficiary feloniously and intentionally killed the decedent under circumstances precluding inheritance under the statute. In the instant case, the juvenile admitted in open court that he killed his father. The admission, which was found to be knowingly, intelligently and voluntarily entered, was that he committed the delinquent act of murder, first degree, in violation of A.R.S. § 13–1105. The admission was accepted and entered of record.

█ A.R.S. § 8–207 does not preclude use, in other proceedings, of the juvenile's admission to a criminal act. The statute only precludes use of the juvenile court's disposition. *Application of J–86993,* 124 Ariz. 108, 109, 602 P.2d 489, 490 (1979) ("[O]nly the juvenile court judge may make and enter a final order of disposition.")

Disposition of the juvenile by the juvenile court occurs after a finding of delinquency and consists of the juvenile court's placement of the child pursuant to A.R.S. § 8–241. *Matter of Maricopa County Juvenile Action No. J–89724,* 127 Ariz. 512, 515, 622 P.2d 71, 74 (App.1980). A.R.S. § 8–241, entitled "Disposition and Commitment," states that "[a]fter receiving and considering the evidence on the proper disposition of the case, the court may enter judgment" to award a delinquent child to various persons or entities. Section 8–241(A)(2); cf. § 8–231(E) ("Upon the conclusion of the hearing before the referee, he shall transmit written findings and recommendations for disposition to the judge of the juvenile court.")

█ Standing alone, the juvenile's admission is neither an "order" nor a "disposition." Thus, the probate court may consider the admission as it relates to the juvenile's claim in the decedent's estate. *State v. Thomas,* 78 Ariz. 52, 275 P.2d 408 (1954), held that a judicial confession or admission connected with the crime made in court is admissible, quoting from *West v. State,* 24 Ariz. 237, 208 P. 412 (1922):

> 'It is well settled that any statements made by a defendant prior to his trial, having the effect of an admission, connecting him with the act, and likewise a confession that he committed the act, whether judicial or extrajudicial, if made without coercion, duress, or hope of reward, may be used by the state in evidence as a part of its original case upon the defendant's trial for the offense charged.' 78 Ariz. at 66, 275 P.2d at 418.

See also Arizona Rules of Evidence, Rule 801(d)(2)(A); *State v. Stoneman,* 115 Ariz. 594, 566 P.2d 1340 (1977).

█ Furthermore, juveniles may not use the confidentiality provision of A.R.S. § 8–207 as a shield so that they can commit a deception upon the courts. *State v. Rodriguez,* 126 Ariz. 28, 612 P.2d 484 (1980). This judicial exception is supported by the proposition that the legislature could not have intended to limit the admissibility of juvenile court minute entries or open-court

admissions by a juvenile to crimes which create a profit for the wrongdoer.

 Appellant's argument, that the juvenile should be excused from killing his father because the father abused him, comes too late in view of the juvenile's admission to first-degree murder of this father. No evidence contradicts this admission. His father may not have been a lovely person, but that does not excuse the killing.

We find of particular interest *Matter of Estates of Josephsons*, 297 N.W.2d 444 (N.D.1980). The North Dakota court held that a statute adopted from the Uniform Juvenile Code and similar to A.R.S. § 8–207, did not extend to protection in civil proceedings.

> We do not deem it in the public interest to permit any person, including a minor, who intentionally and feloniously causes the death of a decedent, to inherit from that decedent. The dangers of a construction that permits a minor who intentionally and feloniously causes the death of his parents to inherit from those parents is obvious. The purpose of the Uniform Juvenile Court Act is to prevent that minor from being treated as a criminal in the hope of rehabilitation of the minor. The Act does not authorize us to relieve the minor from civil disabilities that result not from his adjudication as a delinquent but from the performance of the act itself.

*Matter of Estates of Josephsons*, 297 N.W.2d at 449 (N.D.1980).

The judgment is affirmed.

LIVERMORE and LACAGNINA, JJ., concur.