975 P.2d 149

**In re JOE S., Jr.**

**In re Gerrit G.**

**Nos. 1 CA–JV 98–0140, 1 CA–JV 98–0145.**

Court of Appeals of Arizona, Division 1, Department A.

March 9, 1999.

---

**560**

Richard M. Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellant State.

Rivera, Scales & Kizer by Gary V. Scales, Phoenix, Attorney for Joe S., Jr.

Law Offices of Holly A. Bartee by Holly A. Bartee, Tempe, Attorney for Gerrit G.

## OPINION

GERBER, Judge.

¶ 1 This appeal consolidates two cases arising from juvenile court deadlines foreclosing restitution. Due to a conflict between two recent opinions of this court, *In re Frank H.*, 193 Ariz. 433, 973 P.2d 1194, 281 Ariz. Adv. Rep. 28 (App.1998), and *In re Alton D.*, 193 Ariz. 98, 970 P.2d 452, 285 Ariz. Adv. Rep. 10 (App.1998), we reopen the issue and publish this opinion to address a significant distinction between these cases.

## FACTS AND PROCEDURAL HISTORY

¶ 2 After both juveniles entered plea agreements requiring restitution to the victims, the juvenile courts notified each victim and asked them to submit a loss statement but did not inform them that they would lose their right to restitution if they failed to respond by the date of the disposition hearing.

¶ 3 The victims made no request for restitution nor did they contact the court or the state prior to the disposition hearings. After placing both juveniles on probation, the juvenile court held that no restitution would be ordered and foreclosed any future reopening of the issue, which prompted the state's appeal.

## DISCUSSION

¶ 4 The state argues that juvenile courts must order restitution regardless of the victims' lack of participation. The state further contends that these courts failed to ensure that each victim had adequate time to respond to the restitution request. The juveniles respond that the open-ended length of time for restitution penalizes them for the victims' indifference to the original restitution deadlines.

¶ 5 The juvenile court has an obligation to impose restitution to compensate victims for economic loss. Victims do not waive their right to restitution by failing to provide information. *See State v. Contreras*, 180 Ariz. 450, 454, 885 P.2d 138, 142 (App. 1994). However, the right to restitution is subject to a reasonable time limit that bal-

ances the interests of the juvenile and the victim. Two recent opinions of this court, *In re Frank H.* and *In re Alton D.*, conflict over what constitutes a reasonable time limit for submitting restitution claims.

¶ 6 Under *Frank H.*, the trial court must set a reasonable deadline on restitution to avoid jeopardizing a juvenile's right to a speedy disposition and a prompt appeal, which a victim could block or delay by failing to provide restitution information. *See* 193 Ariz. at 436, 973 P.2d at 1197, 281 Ariz. Adv. Rep. at 30. Under *Alton D.*, if a juvenile agrees to pay a capped amount of restitution and the juvenile court places the juvenile on probation, the court may modify probation by entering a separately appealable restitution order. *See* 193 Ariz. at 103, 970 P.2d at 457, 285 Ariz. Adv. Rep. at 13.

¶ 7 We disagree with *Alton D.* because it 1) creates inconsistent standards for restitution deadlines, 2) establishes two appealable orders, which reduce a juvenile's right to a speedy disposition, and 3) fails to place a reasonable time limit on a procedural right.

¶ 8 *Alton D.* extends restitution deadlines for one class of juveniles and thus creates two differing standards. The first, outlined in *Frank H.*, applies only to juveniles committed to the Arizona Department of Juvenile Corrections ("ADJC") or those juveniles not adjudicated under a plea agreement with a capped restitution amount. The second standard applies to juveniles who plead guilty but are placed on probation pursuant to the terms of a plea agreement. If the juvenile fits into the first category, the trial court may set a reasonable time limit for restitution after the disposition hearing. If the second category applies, the trial court may allow restitution to remain open throughout the entirety of a juvenile's probation. *Alton D.* offers no rationale for the distinction beyond stating that victims have a greater opportunity to receive restitution and that time limits may be inadequate in certain situations.

¶ 9 *Alton D.* also treats the disposition order and the restitution order as two separate appealable orders even though a restitution order constitutes a final order for appeal purposes. *See In re Eric L.,* 189 Ariz. 482, 484, 943 P.2d 842, 844 (App.1997). We agree with *Alton D.* that the legislature's clear intent is that victims be reimbursed for their losses. But the restitution statutes do not support the creation of two separate appealable orders or the addition of restitution subsequent to a modification of a disposition order. Arizona Revised Statutes sections 8–341, 8–344, and 8–345 (Supp.1998) allow the *modification* of restitution payments and liens only to ensure payment of restitution *already ordered.*

¶ 10 The creation of two separate appeal rights also jeopardizes a juvenile's right to a prompt disposition. When the first disposition is appealed, the restitution order remains open throughout probation. Leaving the issue unresolved in the hopes that a dilatory victim will request restitution thwarts the goal of speedy disposition and prompt appeal. The result is that an aggrieved juvenile would have to mount two separate appeals, one for the original disposition and another for the restitution order. Such a burden exceeds the minor inconvenience placed on the state and the victim to act expediently. It also delays prompt appellate resolution of all issues. Moreover, two appealable orders create piecemeal appeals, which burden the court, the state and the juvenile.

¶ 11 Lastly, *Alton D.* implicitly denies the otherwise universal legal doctrine that all rights are subject to some procedural and temporal constraints. *See generally State v. Birmingham,* 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964); *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 705, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). While it is certainly an important right, restitution must be balanced with the rights of the juvenile to a speedy disposition and prompt appeal. Requiring victims to act promptly or lose their right to restitution maintains that balance and comports with similar limitations on the exercise of other rights.

¶ 12 *Frank H.* balances the rights of the juvenile and victim by requiring the trial court to look to the specific circumstances of each case to determine a reasonable deadline,

yet still provides victims an opportunity to present timely evidence of economic loss. If the extent of medical treatment is unknown, the court may on occasion extend the time limit appropriately. *Frank H.*, therefore, gives victims a reasonable opportunity to receive restitution based on their individual circumstances. 193 Ariz. at 437, 973 P.2d at 1198, 281 Ariz. Adv. Rep. at 30.

¶ 13  We conclude that the *Frank H.* rationale is a better approach to restitution deadlines. It does not distinguish between juveniles placed on probation and those committed to ADJC. It allows judges to look at individual circumstances to determine reasonable time limits on restitution. It is more consistent with other existing statutes and case law. It also avoids the prospect of two appealable orders and piecemeal appeals. We conclude that the juvenile court may close restitution after giving victims a reasonable opportunity to respond to a restitution request.

¶ 14  Here, unlike *Frank H.*, the two juvenile courts did not give victims advance notice of the closure of restitution. Although the victims were informed of the disposition hearing, they were not told that the opportunity to present future statements of loss would be foreclosed at that time. We find that the deadlines imposed here were unreasonable because the trial court did not provide advance notice of a closure date for restitution.

¶ 15  We reverse and remand both cases to the juvenile courts with instructions to notify the victims of a reasonable deadline for filing restitution claims.

NOEL FIDEL, Judge, and REBECCA WHITE BERCH, Judge, concur.