994 P.2d 402

**In re ALTON D.**

**No. CV–99–0071–PR.**

Supreme Court of Arizona,
En Banc.

Feb. 28, 2000.

in question in this case. *See State v. Federico,* 198 N.J.Super. 120, 486 A.2d 882 (1984).

Daniel Saint III, Phoenix, Attorney for Appellee.

Richard M. Romley, Maricopa County Attorney by Patricia A. Nigro, Deputy County Attorney, Phoenix, Attorneys for Appellant.

## OPINION

McGREGOR, Justice.

¶ 1 We are asked to decide whether a trial judge who enters a final disposition order placing a juvenile on probation, after allowing a reasonable time for victims to present restitution claims, can later "reopen" the judgment to consider claims for restitution. For the following reasons, we hold that claims made after entry of the final order are barred.

### I.

¶ 2 On April 1, 1998, the juvenile, Alton, admitted to criminal trespass in the first degree and agreed to pay restitution in an amount not to exceed $3,000. At his May 8th disposition hearing, the court placed Alton on probation and ordered that the restitution issue would remain open until June 10, 1998. It further ordered the county attorney and probation officer to notify the victims that if they did not submit a restitution request by

that date, the restitution order would be deemed closed.[1]

¶ 3 The state appealed, arguing that requiring a victim to file a claim within even a reasonable deadline conflicts with the victim's right to receive fair restitution. The court of appeals affirmed in part, holding superior courts may impose a reasonable deadline for submitting restitution claims. The court, however, also held that if a juvenile agrees to pay a specific restitution amount and the court places him on probation, the state can seek to modify the restitution order at any time during the probationary period to add additional restitution claims that fall within the agreed amount.

¶ 4 The court's latter holding brought its decision into direct conflict with *In re Frank H.*, 193 Ariz. 433, 973 P.2d 1194 (App.1998), *review denied* (1999). In *Frank*, another panel of the court of appeals held that a victim who failed to submit a verified statement within the reasonable time limit set by the court lost any right to recover restitution. *Id.* at 437, 973 P.2d at 1198.[2]

¶ 5 We granted review to reconcile this conflict. We exercise jurisdiction pursuant to Arizona Constitution, article VI, section 5.3 and Rule 28 of the Arizona Rules of Procedure for the Juvenile Court.

### II.

¶ 6 *Alton* and *Frank* held, and we agree, that a trial court may impose a reasonable deadline within which restitution claims must be filed. The issue that remains involves the effect of a victim's failure to file a verified claim by the deadline. The state argues that because victims possess a right to recover restitution, the court must provide them a means to submit their claims, even after the deadline passes and the court en-

---

1. No one contends that the state failed to comply with its obligation to provide prompt and adequate notice to the victims. *See* Ariz.Rev Stat. Ann. (A.R.S.) §§ 8–386, 8–390 to –397, 8–403 (West 1999).

2. Additional panels of the court of appeals have considered this issue. In *In re Joe S., Jr. and Gerrit G.*, 193 Ariz. 559, 975 P.2d 149 (App.

1999), another panel of the court of .appeals rejected *Alton* and upheld *Frank*, holding that courts may close restitution after giving victims a reasonable deadline by which to present evidence of their damages. In contrast, the court in *In re Devon G.*, 195 Ariz. 462, 990 P.2d 663 (App.1999), adopted the reasoning presented in *Alton* and held that courts can modify a restitution order even after the reasonable deadline for purposes of compensating the victims.

ters its final order. In contrast, Alton argues that the trial court must enter a timely, final order so that a juvenile can appeal the disposition, and that an open-ended restitution order can unfairly penalize a juvenile for a victim's failure to comply with a reasonable deadline.

¶ 7    As the court of appeals observed, resolving this disagreement requires consideration of potentially conflicting interests. On the one hand, the juvenile is entitled to receive a timely, final disposition. *See* ARIZ. R. JUV. CT. 6.1 (West Supp.1999).[3]  On the other hand, victims are entitled to seek compensation for their losses, and juveniles, like adult criminal defendants, may be ordered to pay restitution as part of their probation. *See* ARIZ.REV.STAT. ANN. (A.R.S.) § 8–341.G.1 (West Supp.1999).  Our decision must give effect to and balance these interests.

### A.

¶ 8    Both the legislature and the courts have emphasized the importance of reaching a prompt final disposition in juvenile actions.  Time periods for taking an appeal are short,[4] and juvenile appeals must be given "precedence over all other actions except extraordinary writs or special actions."  A.R.S. § 8–236.C (Supp.1999).  As the court of appeals stated in *Frank*, reaching a speedy disposition "is essential to achieving one of the primary goals of the juvenile justice system:  protection of the child through treatment and rehabilitation." *Frank*, 193 Ariz. at 436, 973 P.2d at 1197. Indeed, statutes and court rules recognize the importance to both juveniles and victims of reaching a speedy disposition. *See* A.R.S. § 8–414; ARIZ. R. JUV. CT. 6.1.  Until a final order is entered, however, an aggrieved party cannot take an appeal. *See In re Maricopa County Juvenile Action No. J–74222*, 20 Ariz.App. 570, 571, 514 P.2d 741, 742 (App. 1973).

¶ 9    In cases involving restitution, the restitution order constitutes the final or-

der for appeal purposes. *See In re Eric L.*, 189 Ariz. 482, 484, 943 P.2d 842, 844 (App. 1997); *see also* A.R.S. § 8–382.11 (West 1999) (" 'Final disposition' means . . . imposition of a disposition after an adjudication for a delinquent offense.").  Before the court can impose an order of restitution, a victim must present evidence to establish that the victim's loss relates directly to the juvenile's offense, *see In re Maricopa County Juvenile Action No. JV–128676*, 177 Ariz. 352, 356, 868 P.2d 365, 369 (App.1994), and to provide a basis for setting an amount that is not speculative. *See In re Maricopa County Juvenile Action No. J–96304*, 147 Ariz. 153, 155, 708 P.2d 1344, 1346 (App.1985).  Moreover, a court accepting a guilty plea from a juvenile must inform the juvenile of the restitution amount that may be imposed. *See In re Maricopa County Juvenile Action No. JV–110720*, 156 Ariz. 430, 432, 752 P.2d 519, 521 (App.1988).  Therefore, until the court can determine the amount due as restitution through evidence submitted by a victim, it cannot enter its final order.

¶ 10    If a judge cannot set a deadline for filing claims, the juvenile's right to a speedy appeal can be rendered meaningless.  Requiring victims to file their claims for restitution within a reasonable deadline, after which the order of disposition becomes final and subject to appeal, thus directly furthers the significant interest in reaching a prompt, final resolution of juvenile actions.

### B.

¶ 11    The state contends, however, that even after entry of its final order, the trial court should be permitted to consider additional restitution claims, either by "re-opening" the judgment or, in those cases involving probation, by modifying the terms of probation.  Under that view, the trial court's disposition order is "final" for purposes of appeal, but not for purposes of determining restitution.  We reject that approach for several reasons.

---

**3.** Victims also have an interest in whether the court reaches a final, speedy adjudication. *See* A.R.S. § 8–414 (West 1999).

**4.** An aggrieved party must file a notice of appeal within fifteen days after the final order is filed with the clerk of the court, and notice of a cross-appeal within ten days after the notice of appeal. *See* ARIZ. R. JUV. CT 25 (West Supp.1999).

¶ 12 First, the statutes governing victims' rights in juvenile cases, A.R.S. §§ 8–381 to –419 (West 1999 & Supp.1999),[5] clearly intend that victims submit claims for restitution prior to entry of the final disposition order.[6] By statute, victims have the right to attend and be heard at all proceedings the juvenile is entitled to attend. *See* A.R.S. § 8–400. Importantly, however, the statutes distinguish between those hearings at which victims can present evidence, as is necessary to establish a restitution claim, and those hearings at which their role is more limited. Section 8–391 defines a victim's right "to be present and be heard at any predisposition or disposition proceeding pursuant to § 8–405." Section 8–405, in turn, provides that a victim "*may present evidence,* information and opinions that concern . . . the need for restitution *at any predisposition or disposition proceeding.*" (Emphasis added.) In contrast, the statute governing hearings to modify probation, while providing victims the right to be present and heard, gives no authority to victims to present evidence. *See* A.R.S. § 8–406. We find it significant that the legislature drew this distinction. The statutory language is clear: victims can present evidence related to restitution claims at predisposition or disposition hearings, *before* the judge enters the final order, but not at hearings set to consider modifying the terms of probation.

¶ 13 The state next argues that the trial court can consider restitution claims submitted after the final order becomes effective because the court retains jurisdiction to modify the terms of probation. *See* A.R.S. §§ 8–341, 8–344, and 8–345 (West Supp.1999). The court indeed does retain authority to modify terms of probation, but only for the purpose of "modifying the *manner* in which restitution payments ordered . . . are made." A.R.S. § 8–344 (emphasis added). The stat-

ute provides no support for the argument that the court can entertain new claims submitted after it imposes the terms of probation and enters its final order.

¶ 14 Permitting the court to consider additional restitution claims after entry of final judgment not only contravenes statutory language, but also creates potentially harmful results. First, because a restitution order constitutes the final order for juvenile appeal purposes, a new order of restitution would create a new basis for appeal. As a practical matter, each time a victim came forward with an additional claim for restitution, the juvenile would have to return to the courtroom and, if appropriate, take another appeal. That procedure would vitiate the goal of a speedy appeal.

¶ 15 Second, permitting a victim to present a new claim for restitution could inequitably extend a juvenile's probation term. Under the terms of A.R.S. § 8–341.B, a juvenile's term of probation is limited to a maximum of one year unless, among other exceptions, restitution ordered has not been made. Alton argues that this provision, though designed to limit juvenile probation to one year, could be used to extend the probation period indefinitely. As the court pointed out in *Frank,* "a dilatory victim could potentially block a juvenile from appealing his delinquency adjudication until just before the juvenile court loses jurisdiction on the juvenile's eighteenth birthday," which would "arbitrarily nullify many juveniles' statutory rights to appeal." 193 Ariz. at 436, 973 P.2d at 1197. If a victim can present new restitution claims near the end of a juvenile's probationary period, the juvenile may find his probation extended even though he has fully complied with the terms imposed.

---

5. The legislature enacted these statutes pursuant to the authority granted by the victims' rights provisions of the Arizona Constitution, which authorize the legislature to extend the rights granted victims to those involved in juvenile proceedings. Ariz Const. art. II, § 2.1(D).

6. The cases relied upon by the state to support its argument that the trial court retains jurisdiction to consider restitution claims filed after final

judgment all involve adult criminal actions. *See, e.g., State v. Contreras,* 180 Ariz. 450, 885 P.2d 138 (App.1994). The statutes governing restitution requests in criminal actions vary from those governing such requests in juvenile actions. *Compare* A.R.S. § 13–603 *with* A.R.S. § 8–241. Given the unique nature and policies underlying the juvenile system, we look to the statutes governing juvenile proceedings.

¶ 16 Finally, modifying the restitution order under the rationale in *Alton* also creates two different standards for juvenile treatment. *See In re Joe S., Jr.*, 193 Ariz. 559, 561, 975 P.2d 149, 151 (App.1999). The first, outlined in *Frank*, applies to juveniles who are not adjudicated under ·a plea agreement with a capped restitution amount or who are committed to the Arizona Department of Juvenile Corrections. For those juveniles, the final restitution order acts as the final order for all purposes. In contrast, under the *Alton* approach, juveniles who enter a plea agreement with a capped restitution amount face additional restitution claims and hearings throughout their probationary period. *Alton*'s only rationale for this dichotomy is the fact that victims should be afforded every opportunity to receive compensation for their damages. The disparate treatment created, however, affects not only the juveniles but also their victims. Victims who suffer damages at the hand of a juvenile who falls in the first classification must comply with the reasonable deadline set by the court, or forfeit their damages. In contrast, victims suffering injury from juveniles who admit responsibility under a plea agreement with a capped restitution amount will have an extended opportunity to establish their claims for restitution. No rationale supports distinguishing between those groups of victims. Therefore, to prevent disparate treatment of either juveniles or victims, we conclude the trial court can set a reasonable deadline in all juvenile delinquency actions.

### C.

¶ 17 Underlying the state's arguments is the premise that, because victims are entitled to recover restitution, no restrictions can be placed upon the assertion of that right. But requiring the timely assertion of a right to avoid waiver is nothing new. The right to bring an action to recover damages for injuries, although protected by the constitution, *see* ARIZ. CONST. art. XVIII, § 6, is subject to time restraints imposed by the statute of limitations. *See* A.R.S. § 12–542 (West Supp.1999). Numerous other examples exemplify the effect of a person's failure to timely assert a right. For instance, "while the legislature cannot take away the right of

[a tax] exemption, it may, and has, established a reasonable procedure for the ... waiver of the right." *State v. Allred*, 67 Ariz. 320, 329, 195 P.2d 163, 170 (1948). The rights of criminal defendants are similarly subject to waiver if they are not timely asserted. *See, e.g., State v. Prince*, 142 Ariz. 256, 258, 689 P.2d 515, 517 (1984) (holding a criminal defendant may knowingly waive the right to be tried by a twelve-member jury); *State v. Butrick*, 113 Ariz. 563, 565, 558 P.2d 908, 910 (1976) (holding that although the "right to a jury trial is a fundamental right secured ... by the ... Constitution ... [i]t is a right that may be waived"); *State v. Adair*, 106 Ariz. 58, 60, 470 P.2d 671, 673 (1970) ("The right to a speedy trial may, however, like other constitutionally protected rights, be waived.").

¶ 18 The statutes that afford and protect victims' rights also emphasize the need for timely action by victims and the danger of waiver if rights are not asserted. For instance, A.R.S. § 8–386.A requires that victims who wish to exercise their predisposition rights must contact the detention screening section of the juvenile probation department "immediately." Likewise a victim's failure to notify law enforcement agencies of a current telephone number and address results in the victim's request for notification of pending hearings being withdrawn. *See* A.R.S. § 8–398. Those statutes recognize and reinforce the importance of victims' prompt assertions of the rights granted them, and we, in turn, apply that rationale here.

### D.

¶ 19 We conclude that the trial court's decision to set a reasonable deadline for the victims to submit restitution claims properly balanced the interests of reaching a speedy, final adjudication of juvenile matters and permitting victims to recover restitution. We note that the state has not claimed that any victim was unable to comply with the deadline imposed by the court, and we repeat the caution expressed in *Frank* that any deadline must be reasonable under the circumstances of the specific case. The state

should call attention to any factors that might require the court to allow additional time for a victim to present a claim for restitution. We hold that when, in light of the circumstances of a particular case, the court sets a reasonable deadline by which victims must present their restitution claims and supporting evidence, any victim who fails to comply is barred from recovery.

### III.

¶ 20  For the foregoing reasons, we vacate the opinion of the court of appeals, and affirm the trial court's judgment.

CONCURRING: THOMAS A. ZLAKET, Chief Justice, CHARLES E. JONES, Vice Chief Justice, FREDERICK J. MARTONE, Justice, and PHILIP G. ESPINOSA, Judge.*