32 P.3d 1088

### In re KEVIN A.

### Nos. 1 CA–JV 00–0217, 1 CA–JV 00–0227.

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 9, 2001.

Richard M. Romley, Maricopa County Attorney, by E. Catherine Leisch, Deputy County Attorney, Phoenix, for Appellee.

Maricopa County Public Defender, by Theresa M. Armendarez, Deputy Public Defender, Mesa, for Appellant.

## OPINION

LANKFORD, Presiding Judge.

¶ 1 Kevin A. ("Juvenile") appeals both from the juvenile court's adjudication finding him delinquent for criminal damage and ordering restitution and from a subsequent disposition committing him to the Arizona Department of Juvenile Corrections ("ADJC") to serve a minimum of seven months in a locked facility. The principal issue on appeal is whether the juvenile court may reopen a final disposition to grant a belated request for restitution.[1] We vacate the order of restitution because the juvenile court lacked jurisdiction. Accordingly, we need not decide an additional question presented, whether the record supports the amount of restitution ordered.

¶ 2 The juvenile court ordered restitution after the time had expired for filing a restitution claim. When the time expired with no claim having been filed, the prior disposition became final. *In Re Alton D.*, 196 Ariz. 195, 994 P.2d 402 (2000), precludes entry of a restitution order after the disposition has become final. Accordingly, we must vacate the restitution order.

¶ 3 The juvenile court established a deadline for the victim to file a verified victim statement accompanied by supporting documents. That deadline was thirty days after the disposition hearing, which was held on September 5, 2000. If no such statement were to be timely filed, the court ordered, "restitution will be closed."

¶ 4 The victim filed no timely statement. Nor did the victim provide a verified statement to the prosecutor. The victim merely mailed a copy of a work estimate to the prosecutor, which the prosecutor did not present to the court until after the deadline had passed.

¶ 5 Although the deadline had passed, the State requested a restitution hearing. That request offered no excuse for the late filing. It contained no information other than attached copies of the victim's work estimate and the State's letter to the victim setting forth the deadline. No verified victim statement was filed until November 9, more than a month after the deadline had expired. Over Juvenile's objection, the court entered its restitution order on November 17. The

1. By separate memorandum decision, we decided Juvenile's other contentions on appeal: that the court lacked a factual basis to find delinquency and that the court abused its discretion by deviating from the Guidelines for Commitment to ADJC ("Guidelines") and committing him to ADJC.

court stated no reason for not honoring its deadline.

¶ 6 The disposition order became final when the time to file a restitution claim elapsed. In general, a disposition is "not final until restitution has been considered and ruled upon." *In Re Eric L.*, 189 Ariz. 482, 484, 943 P.2d 842, 844 (App.1997). "In cases involving restitution, the restitution order constitutes the final order for appeal purposes." *In Re Alton D.*, 196 Ariz. at 197, 994 P.2d at 404. By necessary implication, the remainder of the disposition order is the final, appealable order in cases in which no restitution is involved.

¶ 7 In fact, the proper approach to restitution is to include it as part of, or as an order entered concurrently with, the remainder of the disposition. *See id.* at 198, 994 P.2d at 405 (citing A.R.S. §§ 8–381 to –419, statutes governing victims' rights in juvenile cases); *In Re Eric L.*, 189 Ariz. at 484, 943 P.2d at 844. Issuance of a separate restitution order after the rest of the disposition is an exception permitted only by court-ordered extension. *See In Re Alton D.*, 196 Ariz. at 198, 994 P.2d at 405.

¶ 8 This is a case in which restitution could have been requested but was not requested within the time fixed by the court. The juvenile court ordered that the failure to timely file a verified restitution statement would render restitution "closed." When that event occurred, it concluded the proceeding and made the prior disposition the final and appealable order.

¶ 9 The order granting restitution after the final disposition conflicts with the holding of *In Re Alton D.* In that case, the court expressly rejected the contention that a juvenile court can consider restitution claims even after entry of its final disposition order. 196 Ariz. at 197, 994 P.2d at 404.

¶ 10 Even if the juvenile court had not ordered the matter closed, the need for finality would have required closure on the restitution issue within a reasonable time. For the reasons expressed by our supreme court in *In Re Alton D.*, lengthy and unwarranted extensions of the time for restitution are unacceptable. Only a "reasonable" deadline is permitted by that decision. *See id.* at 196, 994 P.2d at 403. The supreme court did not authorize juvenile courts to extend juvenile proceedings indefinitely or to ignore a firm deadline without cause.[2] It noted that, as in this case, the juvenile court had ordered that "the restitution order would be deemed closed" if no restitution request was submitted. *Id.*

¶ 11 The need for finality to permit the juvenile a speedy appeal as required by law bars juvenile courts from vacating a restitution deadline without any reason. The juvenile has a right to a timely, final adjudication. *Id.* at 197, 994 P.2d at 404. Until a final order is entered, the juvenile cannot take an appeal. *Id.* The appeal process is required to be speedy. A.R.S. § 8–235(C) (Supp.2000); Ariz. R. Juv. P. 88(C) (stating that juvenile appeals have priority over all other matters except special actions). Our rules reflect this important policy by creating accelerated appellate procedures. *See* Ariz. R. Juv. P. 89–91.

¶ 12 Permitting the juvenile court to simply ignore the deadline would undercut these important policies. It would delay final resolution of the juvenile court proceeding. It would prolong the appeal process by delaying its initiation. "Requiring victims to file their claims for restitution within a reasonable deadline, after which the order of disposition becomes final and subject to appeal, ... directly furthers the significant interest in reaching a prompt, final resolution

---

2. We do not opine that the juvenile court may not extend a deadline for a reasonable time before it expires when good cause is shown. That question is not presented here. In this case, it appears that the victim simply did not timely file the verified statement as required by the court's order. We do note, however, that speedy adjudication is generally desirable not only for the juvenile but also for the victim and is indeed required by law. *See* A.R.S. § 8–414(A)(1991) ("In any delinquency proceeding, the court ... shall take appropriate action to ensure a speedy adjudication for the victim."). Thus, it appears that victims' rights considerations do not require indefinite or multiple extensions of the time to file for restitution.

of juvenile actions." *In Re Alton D.*, 196 Ariz. at 197, 994 P.2d at 404. In approving the juvenile court's ability to impose a reasonable deadline for restitution, the supreme court said: "If a judge cannot set a deadline for filing claims, the juvenile's right to a speedy appeal can be rendered meaningless." *Id.* Juvenile's rights are equally undermined if a judge can ignore such a deadline by ordering restitution long after the deadline has passed. We therefore vacate the restitution order.

CONCURRING: JAMES B. SULT, Judge, and E.G. NOYES, JR., Judge.