163 P.3d 1077

**In re RICHARD B.**

**No. 1 CA–JV 07–0026.**

Court of Appeals of Arizona,
Division 1, Department B.

Aug. 7, 2007.

Andrew P. Thomas, Maricopa County Attorney, by Linda Van Brakel, Deputy County Attorney, for Petitioner.

James J. Haas, Maricopa County Public Defender, by Eleanor S. Terpstra, Deputy Public Defender, for Appellant.

## OPINION

IRVINE, Judge.

¶1 Richard B. ("Richard") appeals the juvenile court order of restitution. He argues that the juvenile court lacked jurisdiction to order restitution and the juvenile court abused its discretion in reconsidering the restitution deadline. We find that the juvenile court did not abuse its discretion in ordering the juvenile to pay restitution and therefore affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 On November 9, 2006, the State filed a petition with the juvenile court alleging that Richard committed delinquent acts of: (1) driving under the influence of alcohol, (2) driving under the influence of alcohol with a blood alcohol level of 0.08 or higher, (3) underage drinking, (4) failure to control speed to avoid a collision and (5) driving with no proof of insurance. The petition resulted from an incident that occurred on November 1, 2006, when Richard drove a car after drinking beer, looked in his rear view mirror at a vehicle behind him that his girlfriend was riding in, drove onto the curb of a sidewalk and ran into two cars.

¶3 On January 12, 2007, Richard pled guilty to one count of driving under the influence with a blood alcohol content of 0.08 or greater, a class one misdemeanor. The plea agreement included a term that Richard would pay restitution to all victims for economic loss in an amount not to exceed $3000. In exchange for Richard's plea, the State agreed to dismiss the four other counts filed against him. The court immediately pro-

ceeded to disposition because Richard was turning eighteen years old less than thirty days from the date of that hearing.

¶ 4 The juvenile court placed Richard on standard probation, released Richard to his father, ordered Richard to complete eighty hours of community service before his eighteenth birthday and ordered Richard to participate in a DUI program. Additionally, the juvenile court notified Richard that his driver's license would be suspended for two years. As for restitution, the juvenile court stated, "I will leave restitution open for seven days[,]" based on its discussion with the victim, who indicated that she could get the necessary paperwork together "[w]ithin 24 to 48 hours."

¶ 5 Although the seven-day restitution deadline passed, on February 2, 2007, the State filed a motion requesting a restitution hearing prior to Richard's eighteenth birthday. The juvenile court granted the motion and held a restitution hearing on February 6, 2007. At the restitution hearing the prosecutor informed the juvenile court that he was not present at the change of plea/disposition hearing and his case file indicated that the juvenile court left restitution open for seventy days instead of seven days. The prosecutor told the juvenile court that he had been in contact with the victim prior to the January 12, 2007 hearing that she did have losses, and he asked the juvenile court to hear the victim's claim for restitution.

¶ 6 Richard's attorney requested that the juvenile court find restitution closed based on *In re Alton D.*, 196 Ariz. 195, 994 P.2d 402 (2000), which holds the juvenile court may set a reasonable deadline for restitution and any victim who fails to comply is barred from recovery. Richard's attorney objected to the request for restitution because it was not timely as the restitution request was due January 19, 2007, but was not filed until January 30, 2007.

¶ 7 The juvenile court proceeded with a restitution hearing. The victim testified that she faxed the supporting documents to the county attorney's office on Monday, January 15, 2007, three days after the change of plea/disposition hearing. The victim also testified that she was not aware she needed to

prepare a verified victim statement until January 24, 2007, which she prepared that day.

¶ 8 The juvenile court took the matter under advisement and issued its ruling on February 7, 2007. The juvenile court ordered Richard to pay restitution of $147.69, for the victim's lost wages, prior to his eighteenth birthday. The juvenile court based its ruling on the specific facts of this case. It stated in part:

> [U]nder the circumstances of this particular case, the Court believes that the victim should not be penalized for circumstances beyond her control, and that she acted reasonably and timely with regard to submitting information she thought would be sufficient in order to collect her claim.
>
> Therefore, although this could be considered a technical violation of the Court's order since the Verified Victim Statement was not filed until 12 days later, the victim did file other information within the time frame and was unaware of the Verified Victim Statement needing to be filed.
>
> Further, the 7 day period was a very short period. The Court normally gives at least 30 days for restitution to be open but only allowed 7 days in light of the juvenile turning 18 in a short period of time. Given the fact that the victim faxed the information as soon as possible, and in a timely manner, the Court finds this is an unusual circumstance and therefore not in violation of *In re Alton*, 196 Ariz. 195, 994 P.2d 402 (2000).

¶ 9 Relying on the language of *Alton D.*, the juvenile court stated, "We note that the state has not claimed that any victim was unable to comply with the deadline imposed by the court, and we repeat the caution expressed in [*In re*] *Frank [H.*, 193 Ariz. 433, 973 P.2d 1194 (App.1998) ], that any deadline must be reasonable under the circumstances of the specific case." 196 Ariz. at 199, ¶ 19, 994 P.2d at 406. Here, the juvenile court found:

> [T]hat the victim was unable to completely comply by filing the verified victim statement since she was unaware that she had to do that. And when she became aware, she filed this within 12 days of the disposi-

tion hearing, which I find is reasonable on the part of the victim, even though technically it was beyond the specific dates. And under the unusual circumstances of this specific case, I find that the restitution is appropriate, and that the victim acted reasonably and in a timely manner to the best of her ability.

¶ 10 Richard's attorney timely filed a notice of appeal. We exercise jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 8–235 (2007). We are guided by the Arizona Rules of Procedure for the Juvenile Court, Rules 88 to 93.

## DISCUSSION

¶ 11 Richard raises three issues on appeal: (1) whether the juvenile court lacked jurisdiction to reopen restitution after the victim failed to submit the supporting documents within the seven-day deadline, (2) whether the seven-day deadline was reasonable in light of the fact that Richard would turn eighteen twenty-seven days after the disposition hearing and (3) whether the juvenile court abused its discretion in reconsidering the restitution deadline because of the victim's confusion about what documents she needed to file.

¶ 12 We review a juvenile court's delinquency restitution order for an abuse of discretion. *In re Erika V.*, 194 Ariz. 399, 400, ¶ 2, 983 P.2d 768, 769 (App.1999). The juvenile court, however, may not misapply the law or a legal principle. *Id.* We also review a court's reconsideration of issues for an abuse of discretion. *See State v. King*, 180 Ariz. 268, 279, 883 P.2d 1024, 1035 (1994). Because the juvenile court is in the best position to determine the credibility of witnesses and analyze exhibits for purposes of restitution, we defer to its factual findings so long as reasonable evidence exists to support such findings. *Matter of Appeal of Maricopa County Juv. Action No. JV–132905*, 186 Ariz. 607, 609, 925 P.2d 748, 750 (App.1996).

¶ 13 First, we find that the juvenile court had jurisdiction to hold a restitution hearing and order restitution. *See* A.R.S. § 8–202(G) (2007) (providing that juvenile court obtains jurisdiction over a child until

the child's eighteenth birthday, unless otherwise provided by law); *see also Alton D.*, 196 Ariz. at 197, ¶ 9, 994 P.2d at 404 ("In cases involving restitution, the restitution order constitutes the final order for appeal purposes."); *but see State v. Collins*, 122 Ariz. 550, 552–53, 596 P.2d 385, 387–88 (App.1979) (finding juvenile court lacked jurisdiction to reconsider its order committing juvenile to the Arizona Department of Juvenile Corrections).

¶ 14 This case presents the issue of timeliness of a victim's request for restitution. The leading case on this issue is *Alton D.*, where the supreme court held that a juvenile court may set a reasonable deadline for victims to comply with restitution requirements and any victim who fails to comply is barred from recovery. 196 Ariz. at 199–200, ¶ 19, 994 P.2d at 406–07. In *Alton D.*, a juvenile admitted to criminal trespass and agreed to pay restitution in an amount not to exceed $3000. *Id.* at 196, ¶ 2, 994 P.2d at 403. At the disposition hearing on May 8, the juvenile court placed the juvenile on probation, ordered that restitution would remain open until June 10, and stated that if a restitution request was not submitted by June 10, "the restitution order would be deemed closed." *Id.* The State appealed the juvenile court's order and argued that requiring a victim to file a restitution claim within a reasonable deadline conflicted with a victim's right to receive restitution. *Id.* at ¶ 3.

¶ 15 In *Alton D.*, the Arizona Supreme Court made clear that the interests of the juvenile's right to a speedy disposition and a victim's right to restitution must be balanced. *Id.* at 199–200, ¶ 19, 994 P.2d at 406–07. In balancing such rights, the court held "that when, in light of the circumstances of a particular case, the court sets a reasonable deadline by which victims must present their restitution claims and supporting evidence, any victim who fails to comply is barred from recovery." *Id.* The court noted that until a final order is entered, a juvenile lacks a remedy to appeal. *Id.* at 197, ¶ 8, 994 P.2d at 404. It further stated that "[i]n cases involving restitution, the restitution order constitutes the final order for appeal purposes" and a victim is required to present

evidence that his or her loss is not speculative and relates to the juvenile's offense. *Id.* at ¶ 9 (citations omitted). The court reasoned that until a court can determine the restitution amount no final order exists—preventing a juvenile from a speedy appeal. *Id.* at ¶¶ 9–10. Therefore, the court found that allowing the juvenile court to set a reasonable deadline for a victim to request restitution properly balances the rights of juveniles and victims.

¶ 16 Richard also relies on *In re Kevin A.*, 201 Ariz. 161, 32 P.3d 1088 (App.2001). In *Kevin A.*, a juvenile appealed a restitution order where the victim missed the thirty-day restitution deadline. *Id.* at 162, ¶ 1, 32 P.3d at 1089. At the disposition hearing, the court set a thirty-day deadline for the victim to file a verified victim statement and specifically stated, "restitution will be closed" if the victim fails to timely file such statement. *Id.* at ¶ 3. The State filed a request for a restitution hearing after the deadline had passed, but did not provide any reason for its late filing. *Id.* at ¶ 5. The victim filed a verified victim statement more than a month after the deadline had expired. *Id.* Without stating any reasons, the juvenile court ordered the juvenile to pay restitution. *Id.* On appeal, this court vacated the restitution order, relying on the reasoning of *Alton D.*, and further stated, "[t]he supreme court did not authorize juvenile courts to extend juvenile proceedings indefinitely or to ignore a firm deadline *without cause.*" *Id.* at ¶ 10 (emphasis added).

■ ¶ 17 Both juvenile courts in *Alton D.* and in *Kevin A.* noted on the record that the failure to comply with the restitution deadline would render restitution "closed." In *Kevin A.* the court specifically stated that the victim needed to file a verified victim statement, while the court in *Alton D.* only indicated that failure to submit a restitution request would result in restitution being closed. Here, the juvenile court did not indicate that restitution would be closed if the victim did not comply with the deadline nor did it notify the victim that she needed to file a verified victim statement.

¶ 18 Additionally, both *Alton D.* and *Kevin A.* focused on the possible prejudice to a juvenile of allowing a victim unlimited time to request restitution. Here, the circumstances did not leave room for extending the proceedings indefinitely because the juvenile court was automatically going to lose jurisdiction of the case on Richard's eighteenth birthday. Accepting restitution evidence in this case did not cause any undue delay of the juvenile's final disposition. Furthermore, the record here supports the juvenile court's finding of good cause to allow its restitution order. Although *Alton D.* and *Kevin A.* guide our analysis, the facts of this case are distinguishable. Many of the concerns in *Alton D.* and *Kevin A.* are not relevant to the case at hand.

¶ 19 Moreover, the juvenile court relied on specific facts in ordering restitution, including: at the time of adjudication and disposition Richard would turn eighteen years old in less than thirty days; it normally provided a victim at least thirty days to provide the necessary documents for a restitution hearing; it only allowed the victim a seven-day time period; the victim faxed documents to the county attorney's office within the seven-day timeframe; the victim was unaware that she needed to file a verified victim statement, and once the victim learned that she needed to file the verified victim statement she completed it the same day she was notified of its necessity. The juvenile court concluded that the victim "acted reasonably and timely with regard to submitting information that she thought would be sufficient in order to collect her claim."

¶ 20 Reasonable evidence exists to support the juvenile court's findings. We therefore find that the juvenile court did not abuse its discretion or misapply the law in ordering the juvenile to pay restitution.[1]

## CONCLUSION

¶ 21 For the foregoing reasons, we affirm the juvenile court's restitution order.

---

1. Because we find the juvenile court did not abuse its discretion, we will not determine the reasonableness of the seven-day restitution deadline.

CONCURRING: MAURICE PORTLEY, Presiding Judge, and SHELDON H. WEISBERG, Judge.

