NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE ABEL H.

No. 1 CA-JV 15-0067
FILED 10-01-2015

Appeal from the Superior Court in Maricopa County
No. JV198465
The Honorable Utiki Spurling Laing, Judge *Pro Tempore*

**VACATED AND REMANDED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Andrea L. Kever
*Counsel for Appellant*

Maricopa County Public Advocate, Mesa
By Lori A. Leon
*Counsel for Appellee*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge John C. Gemmill joined.

**C A T T A N I**, Judge:

¶1        The State of Arizona appeals from the juvenile court's denial of its untimely request for a restitution hearing.  For reasons that follow, we vacate the juvenile court's ruling and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In early August 2014, 13-year-old Abel H. put another boy in a headlock as part of a game.  The boy lost consciousness and suffered a laceration to his head after falling.  The State thereafter charged Abel with felony aggravated assault and initiated delinquency proceedings.

¶3        In October 2014, the victim filed a Verified Victim Statement of Financial Loss ("VVS") indicating over $2,400 in medical expenses resulting from Abel's actions.  On November 7, 2014, Abel pled guilty to misdemeanor aggravated assault, and the juvenile court—proceeding immediately to disposition—placed him on standard probation.

¶4        The court did not address restitution at the disposition hearing, but rather deferred consideration until a later date.  The juvenile probation officer noted at the time that the victim had already filed a VVS for medical expenses, and Abel's counsel acknowledged receiving the VVS and discussing it with Abel and his mother.  The State indicated, however, that it intended to follow up with the victim about any additional restitution he might seek.  The court set a deadline of December 5, 2014 for the victim to submit a VVS and a deadline of December 19, 2014 for the State to request a restitution hearing.

¶5        No supplemental VVS was filed, and the State missed the December 19 deadline for requesting a restitution hearing.  On January 12, 2015, the State filed a hearing request, noting that the victim had filed a VVS with the court in October, but offering no explanation for the untimely filing.  In response, Abel acknowledged that a VVS was filed before the deadline, but objected to the State's request solely because it was untimely.  The court denied the State's request for a restitution hearing "[f]or the reasons set forth in the Defense's objection."

**¶6** The State timely appealed,[1] and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 8-235(A).[2]

## DISCUSSION

**¶7** The State asserts that the juvenile court improperly denied its request for a restitution hearing. We review a denial of restitution for an abuse of discretion. *In re Michelle G.*, 217 Ariz. 340, 343, ¶ 9, 173 P.3d 1041, 1044 (App. 2008).

**¶8** A victim has a right "[t]o receive prompt restitution from the person or persons convicted of the criminal conduct that caused the victim's loss or injury." Ariz. Const. art. II, § 2.1(A)(8). And, when a "juvenile is adjudicated delinquent, the court . . . shall order the juvenile to make full or partial restitution to the victim of the offense for which the juvenile was adjudicated delinquent." A.R.S. § 8-344(A).

**¶9** Rather than concurrently addressing restitution at the time of disposition, a court may leave the issue of restitution open and impose a post-disposition deadline for filing a restitution claim. *See In re Alton D.*, 196 Ariz. 195, 198–99, ¶¶ 12, 16, 994 P.2d 402, 405–06 (2000). With the caveat that any deadline imposed must be reasonable under the circumstances of the specific case, a victim who fails to comply with such a deadline waives the right to restitution and is barred from recovery. *Id.* at 199–200, ¶¶ 18–19, 994 P.2d at 406–07. This approach balances the juvenile's constitutional right to a speedy disposition with the victim's right to receive compensation. *Id.* at ¶ 19.

**¶10** Here, the victim did not fail to comply with a post-disposition deadline. The victim had in fact submitted a VVS months before, and the VVS had been filed with the court and provided to the juvenile. Although

---

[1] Abel asserts that the State's appeal was untimely, arguing that the disposition order became final and appealable when the State missed the December 19, 2014 deadline, and that the juvenile court lacked authority to reopen the proceedings to consider the State's untimely request. But a juvenile court may retain jurisdiction to consider and enter a restitution order. *In re Richard B.*, 216 Ariz. 127, 130, ¶ 13, 163 P.3d 1077, 1080 (App. 2007). And the State's notice of appeal was timely filed after the court's order denying restitution.

[2] Absent material revisions after the relevant date, we cite a statute's current version.

the State missed a deadline for requesting a hearing, the victim did not fail to comply with the deadline and accordingly did not independently waive his right to restitution under *Alton D. See id.*

¶11 Under different circumstances, this court concluded that a final disposition could not be reopened to impose restitution, even though the victim had timely provided a restitution affidavit to the prosecutor. *See Michelle G.*, 217 Ariz. at 343–44, ¶¶ 13–16, 173 P.3d at 1044–45. In that case, however, the State had not presented a claim for restitution at or before the disposition hearing, and the court did not hold the issue open by setting a post-disposition deadline for restitution claims; the disposition was thus closed, final, and appealable long before any claim was filed more than a year later. *Id.* at 342, 344, ¶¶ 5, 14, 173 P.3d at 1043, 1045. Moreover, although the victim in that case had submitted documents to the prosecutor, no VVS had been filed with the court. *Id.* at 342–43, ¶ 8, 173 P.3d at 1043–44. Here, in contrast, a VVS was timely filed with the court, and all parties understood that restitution had been requested and remained open after the disposition hearing.

¶12 This court has recognized that a juvenile court may, where appropriate, reconsider and extend a post-disposition restitution deadline. In *In re Richard B.*, the juvenile court assessed whether any potential undue delay resulting from an extension of the missed deadline would prejudice the juvenile, and after considering the specific facts of the case, concluded that the victim had acted reasonably and promptly in light of the information she was given, particularly given the absence of any warning that a failure to comply with the deadline would render the issue closed. 216 Ariz. at 129–31, ¶¶ 8–9, 16–19, 163 P.3d at 1079–81. This court affirmed, finding that the juvenile court properly retained authority to extend the restitution deadline for "cause." *Richard B.*, 216 Ariz. at 130–31, ¶¶ 13, 16, 163 P.3d at 1080–81 (emphasis in original) (quoting *In re Kevin A.*, 201 Ariz. 161, 162, ¶ 10, 32 P.3d 1088, 1089 (App. 2001)).

¶13 In the instant case, there was no warning that a failure to meet a specific deadline would result in restitution being denied. Nevertheless, the court accepted Abel's contention that the State's request for a restitution hearing necessarily failed because it was untimely, notwithstanding the specific circumstances presented. The record does not reveal whether the court considered if the victim bore any fault for the delay, if strictly enforcing the deadline would be fair despite the lack of an express warning that restitution would automatically close on the deadline, if extending the deadline so as to secure the victim's rights would prejudice Abel in any way, or if good cause existed to extend the deadline. Accordingly, we

vacate the denial of restitution and remand for the juvenile court to consider the restitution request, balancing the victim's right to restitution and Abel's right to a speedy disposition under the specific circumstances of the case. *See Alton D.*, 196 Ariz. at 199, ¶ 19, 994 P.2d at 406.

## CONCLUSION

**¶14** Based on the foregoing, we vacate the juvenile court's ruling and remand for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
FILED: ama