NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

BRIAN JAMEL MATTHEWS,
*Appellant.*

No. 1 CA-CV 14-0698
FILED 10-8-2015

Appeal from the Superior Court in Maricopa County
No. CR2013-004768-001
The Honorable Margaret R. Mahoney, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Kent E. Cattani joined.

**O R O Z C O**, Judge:

¶1        Brian Jamel Matthews appeals his conviction for one count of theft, a class one misdemeanor, and the resulting sentence. Matthews's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), indicating he has searched the entire record on appeal and has found no arguable question of law that was not frivolous, and has requested this court review the entire record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). Matthews was afforded the opportunity to file a supplemental brief in propria persona, but did not do so.

¶2        We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1 and 13-4031 and -4033.A.[1] Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3        In September 2013, I.J., the victim, encountered Matthews near a pawn shop where I.J. had gone to reclaim his laptop. I.J. invited Matthews to come to his apartment because Matthews said his phone was dead and needed a charge. While at the apartment, I.J. let Matthews take a shower and shave in his bathroom. I.J. also let Matthews use his laptop to play games. Matthews stayed in I.J.'s apartment for about three hours and left around 4:00 p.m.

¶4        I.J. went to work around 9:30 p.m. that day. He returned home around 3:00 a.m. and found the bathroom window open, footprints in the bathtub, and his laptop, debit card, brother's cell phone, motor scooter, backpack, lamp, and a case of CDs missing. He called the police and they came to his apartment. I.J. told the police that he suspected it was Matthews who had broken into his apartment.

---

[1]      We cite the current version of the applicable statutes unless revisions material to this decision have occurred since the date of the offense.

¶5        Approximately one month later, police came into contact with Matthews, who had a laptop, cell phone, and backpack on his person. During the search of the laptop, police discovered I.J.'s W-2. Based on the information in the W-2, police ran I.J.'s name through the police database and discovered I.J. had been the victim of a residential burglary. Although officers took photos of the seized items, they did not take a picture of I.J.'s W-2 before they returned the laptop to him.

¶6        The police called I.J. to the station and he identified the items as his property. I.J. did not recall if he powered up the laptop at the station or at home, but when he did, he recognized his W-2, some pictures and music. Although I.J. initially reported that the stolen laptop was a Dell, the laptop was actually a Hewlett-Packard. I.J. also noticed new items saved on the laptop including pictures, music and a different screen saver. At least one of those pictures was of Matthews. I.J. was shown a photo lineup and asked if he recognized anyone as the person who he believed stole his property, and I.J. identified Matthews, saying he was "a hundred percent sure" it was Matthews.

¶7        Matthews was charged with one count of burglary in the second degree, a class three felony, and one count of theft, a class one misdemeanor.[2] The trial court held evidentiary hearings on Matthews's motion to suppress the search of the laptop and denied the motion.

¶8        On the first day of trial, Matthews's counsel filed a motion asking the trial court to either dismiss the charges against Matthews or give the jury a *Willits*[3] instruction based on the State having released the laptop to I.J. The laptop contained I.J.'s W-2, and neither the laptop nor the W-2 were available for trial. After hearing counsels' arguments, the court denied the motion to dismiss, found no showing of bad faith on the part of the police, but agreed a *Willits* instruction was appropriate.

¶9        The jury acquitted Matthews on count one (Burglary) and found him guilty on the amended count two (Theft). The trial court sentenced Matthews to 180 days' incarceration, with a presentence

_____

[2]        Matthews was originally charged with a class six felony; however, during trial, the court granted the State's oral motion to amend the Indictment to reflect the true value of the stolen property as being less than $1,000.00, making the offense a misdemeanor.

[3]        *See State v. Willits*, 96 Ariz. 184 (1964).

incarceration credit of 330 days. The trial court retained jurisdiction over the issue of restitution for sixty days.

## DISCUSSION

¶10 We review the sufficiency of evidence "in the light most favorable to sustaining the conviction[.]" *State v. Tison*, 129 Ariz. 546, 552 (1981). All reasonable inferences are resolved against the defendant. *Id.* We will reverse a conviction based on sufficiency of evidence when there is clearly insufficient evidence to support the jury's conclusion, under any hypothesis whatsoever. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (noting that it is the jury's function, not the court of appeals, to weigh the evidence and to determine credibility).

¶11 Matthews was convicted of misdemeanor theft. A person may be found guilty of theft if the state presents evidence that the person, without lawful authority, knowingly controlled the property of another and knew or had reason to know that the property was stolen. A.R.S. § 13-1802.A.5. (West 2015). Sufficient evidence supported Matthews's theft conviction.

¶12 The jury was presented with evidence that Matthews had visited I.J.'s residence and had used I.J.'s laptop the day before the burglary. The jury was also presented with evidence that police seized a laptop on Matthews's person, which contained I.J.'s W-2. Because the police did not preserve the laptop nor the W-2 for trial, the trial court properly gave a *Willits* instruction to the jury. *See Willits*, 96 Ariz. at 191; *see also State v. Murray*, 184 Ariz. 9, 33 (1995) ("A *Willits* instruction is appropriate when the State destroys or loses evidence potentially helpful to the defendant.")

¶13 The jury heard evidence that I.J. reported missing items from the burglary that were identical to those items seized from Matthews, and that I.J. was able to identify the seized items that belonged to him. Finally, I.J. identified Matthews in a photo lineup with "a hundred percent" certainty that Matthews was the same person who visited his residence the day before the burglary. Thus, we find sufficient evidence supported the jury's verdict.

¶14 The trial court sentenced Matthews to 180 days incarceration, with presentence incarceration credit of 330 days, which resulted in a sentence of time served.

¶15 "The trial court shall retain jurisdiction of [a] case for purposes of ordering, modifying and enforcing the manner in which court-

ordered payments are made until paid in full or until the defendant's sentence expires." A.R.S. § 13-805.A. (West 2015). Further, "a trial court may impose a reasonable deadline within which restitution claims must be filed." *In re Alton D.*, 196 Ariz. 195, 196, ¶ 6 (2000); *see also State v. Zaputil*, 220 Ariz. 425, 429 n. 2 (App. 2008) (observing that "both the trial court and the State have a concurrent obligation to see that restitution claims are not only preserved but adjudicated in a timely fashion"). Although the trial court did not order restitution at the time of sentencing, the trial court properly retained jurisdiction consistent with its obligation to ensure that timely restitution claims were preserved.

## CONCLUSION

**¶16** We have read and considered counsel's brief and carefully searched the entire record for reversible error and have found none. *See Clark*, 196 Ariz. at 541, ¶ 49. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the jury's finding of guilt. Matthews was present and represented by counsel at all critical stages of the proceedings. At sentencing, Matthews and his counsel were given an opportunity to speak and the court imposed a legal sentence.

¶17 Counsel's obligations pertaining to Matthews's representation in this appeal have ended. Counsel need do nothing more than inform Matthews of the status of the appeal and his future options, unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Matthews shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

¶18 For the foregoing reasons, Matthews's conviction and sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama